UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV323 NAB |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Joseph Johnson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a

claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. §§ 1981, 1983, and 1985 for alleged violations of his constitutional and statutory rights. Plaintiff complains that he was unfairly denied food stamps and that his rights were violated in state court proceedings. Named as defendants are the United States of America; Tom Vilsack, Secretary, United States Department of Agriculture; the State of Missouri; Chris Koster, Attorney General, State of Missouri; Ronald J. Levy, Director, Missouri Department of Social Services; Michael T. Jamison, Circuit Judge, St. Louis County Circuit Court;, Sara E. Reeb, Assistant State Attorney General; Unknown Assistant State Attorney General; Vicky Moore and Tina Richmond, caseworkers, Missouri Department of Social Services; Alyson Campbell, Director, Food Stamp Program & Policy, Department of Social Services; Amanda R. Williams, Hearing Officer, Department of Social Services; Unknown Clerk, Division 10, St. Louis County Circuit Court; and Joan M. Gilmer, Circuit Clerk, St. Louis County Circuit Court.

Plaintiff alleges that he applied for food stamps while he was living with a woman and her daughter. Plaintiff claims he was unemployed and unmarried at the time. Plaintiff states that the Department of Social Services (the Department) denied the application based on the household income, that is, the income of the woman with whom plaintiff was living. Plaintiff believes that the denial of food stamps in his situation deprived him of his right as a single person to receive food stamps. Plaintiff also believes that the Department's inquiry into the household's income violated his

housemate's right to be free from unreasonable searches and seizures under the Fourth Amendment.

After the denial, plaintiff requested a hearing with the Department, which was granted. Plaintiff says the hearing was held on December 14, 2009, and that defendants Williams and Richmond were in attendance. Plaintiff alleges that on December 21, 2009, defendant Campbell issued a decision affirming the denial of food stamps. Plaintiff avers in a conclusory manner that several state rules were violated during the hearing; however, he alleges no facts to support this conclusion.

On March 1, 2010, plaintiff submitted to the Department an Affidavit of Appeal–Notice and Affidavit of Appeal to Circuit Court. Plaintiff alleges that Campbell did not forward the appeal to the Circuit Court until November 15, 2010.

On November 16, 2010, the case was docketed as <u>Johnson v. Missouri Dep't of Soc. Services</u>, 10SL-CC04657 (St. Louis County Circuit Court). Plaintiff filed a motion to vacate the administrative decision and a motion for temporary restraining order. <u>Id.</u> (accessed via Missouri Case.net). Defendant Reeb entered her appearance on behalf of the Department and filed a motion to dismiss plaintiff's motion for temporary restraining order, a motion to affirm the administrative order, and a motion to dismiss plaintiff's motion to vacate the administrative decision. <u>Id.</u> Reeb also gave notice of a hearing set for January 7, 2011. At the hearing, defendant Jamison granted the Department's motions and denied the plaintiff's motions, entering judgment in favor of the Department.

Plaintiff states that every aspect of the proceedings violated his constitutional rights and the Missouri trial rules. He asserts that because a hearing was conducted at the Department's request, there was a conspiracy between defendants Jamison

and Reeb to deny him his rights. Plaintiff also accuses defendant Reeb of tampering with a judicial proceeding and of committing several violations of the Rules of Professional Conduct. The facts plaintiff alleges in support of his conspiracy and tampering claims evince nothing more than routine state court procedures. Alleged violations of ethical rules cannot be a basis for a § 1983 action.

Plaintiff also alleges that defendant Jamison's ability to decide the motions before him on January 7, 2011, shows that he was "privilege to information seized by the United States under the surveillance and intercept program being conducted by the (CIA) and (NSA)." Plaintiff previously filed a case in this Court against President Obama and several former presidents alleging that they were involved in scheme with the CIA and NSA to conduct surveillance of plaintiff's affairs and to impersonate federal and state actors in order to deprive plaintiff of his rights. Johnson v. United States, 4:10CV1109 SNLJ (E.D. Mo.). Apparently, plaintiff is referring to the same alleged conspiracy in this action.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result,

the complaint fails to state a claim upon which relief can be granted as to the individual defendants.

Plaintiff's claims against the United States of America and the State of Missouri are frivolous because these defendants enjoy sovereign immunity.

It appears that plaintiff is seeking review of the state court proceedings. However, this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

Additionally, plaintiff's claim regarding a conspiracy in state court to deprive him of his rights is clearly delusional and, therefore, factually frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Moreover, plaintiff's request that the Court "strike down Title 7 C.F.R. and the State of Missouri's Food Stamp Program, (SNAP), in whole or in part as being unconstitutionally arbitrary, capricious, vague, and a State infringement upon the right to privacy . . ." is frivolous because he has failed to demonstrate that his constitutional rights were violated by any of these provisions.

Finally, plaintiff's §§ 1981 and 1985 claims are frivolous because there are no factual allegations indicating that he was subject to race-based discrimination. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982) (section 1981); United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983) (section 1985).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of May, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE